IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | | |
|---|---|---|
| Garrick L.,[1] | ) | Case No. 0:23-03109-JDA |
| | ) | |
| Plaintiff, | ) | |
| | ) | **OPINION AND ORDER** |
| v. | ) | |
| | ) | |
| Commissioner of Social Security Administration, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

This matter is before the Court on an action brought by Plaintiff pursuant to 42 U.S.C. Section 405(g) to obtain judicial review of a final decision of the Commissioner of Social Security ("the Commissioner") denying Plaintiff's claims for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") under the Social Security Act (the "Act"). In accordance with 28 U.S.C. § 636(c) and Local Civil Rule 73.02(B)(1), D.S.C., this matter was referred to United States Magistrate Judge Paige J. Gossett for pre-trial proceedings.

On July 31, 2024, the Magistrate Judge issued a Report and Recommendation ("Report") recommending that the Commissioner's decision be affirmed.[2] [Doc. 31.] The

---

[1] The Committee on Court Administration and Case Management of the Judicial Conference of the United States has recommended that due to significant privacy concerns in social security cases, federal courts should refer to plaintiffs only by their first names and last initials.

[2] As noted by the Magistrate Judge, this matter is back before the Court following an earlier remand for further consideration of Plaintiff's ability to ambulate and his need for a cane. [Doc. 31 at 4.] Plaintiff filed his application for DIB in February 2017. [R. 228–34.] On May 16, 2019, the Administrative Law Judge ("ALJ") issued a decision denying his application for benefits. [R. 12–33.] Plaintiff filed suit requesting a reversal of the

Magistrate Judge advised the parties of the procedures and requirements for filing objections to the Report and the serious consequences if they failed to do so. [*Id.* at 20.] Plaintiff filed objections to the Report, and the Commissioner filed a reply. [Docs. 32; 33.]

## **STANDARD OF REVIEW**

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The Court is charged with making a de novo determination of any portion of the Report to which a specific objection is made. The Court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b). The Court will review the Report only for clear error in the absence of an objection. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation" (internal quotation marks omitted)).

Under 42 U.S.C. § 405(g), the Court's review of the Commissioner's denial of benefits is limited to considering whether the Commissioner's findings "are supported by substantial evidence and were reached through application of the correct legal standard." *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). "Substantial evidence" means "such

---

Commissioner's determination, and on July 27, 2021, the district court reversed the prior determinations of the Commissioner and remanded the case for further administrative proceedings. [R. 1709–14.] A supplemental hearing was held on October 12, 2022 [R. 1611–79], and on March 3, 2023, the ALJ issued a decision denying Plaintiff's applications for benefits [R. 1413–49]. This suit followed.

relevant evidence as a reasonable mind might accept as adequate to support a conclusion . . . it consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance." *Id.* (internal quotation marks omitted). In reviewing the evidence, the court may not "undertake to re-weigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of the [Commissioner]." *Id.* Consequently, even if the court disagrees with the Commissioner's decision, the court must uphold it if it is supported by substantial evidence. *Blalock v. Richardson*, 483 F.2d 773, 775 (4th Cir. 1972).

## **DISCUSSION**

The Report concludes that the ALJ's findings are supported by substantial evidence and free of legal error and should therefore be affirmed.[3] [Doc. 31 at 19.]

In his initial brief, Plaintiff argued that the ALJ did not explain his findings regarding Plaintiff's residual functional capacity ("RFC") assessment, including his decision to exclude the use of a cane from the RFC and his determination that Plaintiff could stand and walk six hours of an eight-hour workday. [Doc. 19 at 21–31.] Plaintiff also argued that the ALJ failed to properly assess and consider medical source opinion evidence, including an April 2018 functional capacity evaluation ("FCE") opinion that Plaintiff needed a sit/stand option and an opinion from Plaintiff's rheumatologist, Pinky Vaidya, M.D., that he would likely be absent from work more than four days per month. [*Id*. at 31–37.] Finally, Plaintiff argued that the ALJ did not properly evaluate and consider Plaintiff's

---

[3] The Magistrate Judge provided an accurate and thorough recitation of the procedural and medical history, as well as the ALJ's findings, and the Court therefore will not repeat it here.

3

subjective symptomology and failed to explain which evidence undermined his testimony regarding pain intensity. [*Id*. at 37–40.]

In her Report, the Magistrate Judge first concluded that the ALJ properly evaluated Plaintiff's cane usage and his ability to meet standing and walking requirements of light work in his RFC analysis. [Doc. 31 at 6–10.] Second, the Magistrate Judge concluded that the ALJ did not err in its evaluation of the FCE opinion regarding a sit/stand option for Plaintiff and the opinion from Dr. Vaidya that Plaintiff would likely be absent from work more than four days per month, because the ALJ properly pointed to specific examples of inconsistencies in the record and explained why the opinions were discounted. [*Id*. at 10–15.] Finally, regarding Plaintiff's subjective complaints of pain, the Magistrate Judge concluded that the ALJ properly found that Plaintiff's statements were not consistent with the medical evidence in the record. [*Id*. at 15–19.]

In his objections to the Report, Plaintiff argues that the Magistrate Judge did not "directly address" Plaintiff's arguments regarding cane use [Doc. 32 at 1–3] and incorrectly upheld the ALJ's evaluation and weighing of the medical records related to Plaintiff's ability to stand and/or walk [*id*. at 3–5]. Further, with respect to the ALJ's evaluation of the medical source opinion evidence, Plaintiff argues the Magistrate Judge failed to explain how the ALJ properly determined there was no support for the sit/stand option [*id*. at 5–6], improperly judged that any error regarding the sit/stand option was harmless [*id*. at 6], and failed to demonstrate how Dr. Vaidya's opinion was not consistent with other medical records and opinions in the case, such as an opinion of Dr. Hamilton [*id*. at 6–8]. Finally, Plaintiff argues that the Magistrate Judge erred in concluding that the ALJ properly considered and resolved conflicting evidence regarding Plaintiff's subjective

4

symptoms because she did not point to a place in the ALJ's decision where he considered Plaintiff's symptoms that directly support his disability. [*Id.* at 8–9].

The Court finds Plaintiff's objections unavailing. Other than generally restating his previous arguments regarding the ALJ's decision, Plaintiff appears to ask this Court to consider the evidence evaluated by the ALJ and come to a different conclusion, which is beyond the purview of substantial evidence review. *See Johnson v. Barnhart,* 434 F.3d 650, 653 (4th Cir. 2005) ("Where conflicting evidence allows reasonable minds to differ as to whether a claimant is disabled, the responsibility for that decision falls on the ALJ") (cleaned up); *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966) ("It is not within the province of this court to determine the weight of the evidence; nor is it our function to substitute our judgment for that of the Secretary if his decision is supported by substantial evidence."). Nevertheless, the Court addresses each of Plaintiff's objections seriatim.

**RFC**

Plaintiff first argues that the Magistrate Judge incorrectly concluded that the ALJ's findings as to Plaintiff's RFC—specifically, Plaintiff's cane use and limitations on his ability to stand and/or walk—were based on substantial evidence. [Doc. 32 at 1–5.]

***Plaintiff's Cane Use***

As to Plaintiff's cane use, Plaintiff argues that the Magistrate Judge failed to directly address his arguments that the ALJ (1) improperly relied on a lack of a prescription for a cane, (2) misrepresented the evidence, and (3) failed to consider whether Plaintiff could still perform the jobs found if he needed to use a cane for balance while standing or ambulating short distances. [*Id.* at 1–2.]

5

The Court overrules Plaintiff's objections as to cane usage. First, the Magistrate Judge already noted that although Plaintiff argues that the ALJ improperly relied on a lack of a prescription for a cane and mischaracterized the evidence, a review of the ALJ's decision indicates that "the ALJ provided extensive consideration and explanation for finding that overall, the evidence did not support the need for a cane." [Doc. 31 at 6.] For example, the ALJ reasoned that not only did Plaintiff lack a prescription for the cane, but "treatment records document inconsistent observations regarding [Plaintiff's] use of a cane and his gait and do not establish that that is medically necessary." [R. 1428–29 (comparing physician records noting observations of Plaintiff using a cane with records noting observations of Plaintiff ambulating normally, with normal gait, with no mention of a cane).] Finally, Plaintiff argues that the Magistrate Judge, in concluding that any error in evaluating Plaintiff's cane usage is harmless in light of the vocational expert's testimony that the number of identified light work jobs would remain the same even if the use of a cane was in included, failed to consider whether Plaintiff could still perform the light work jobs if he needed to use a cane for balance while standing or ambulating short distances. [Doc. 32 at 2.] The Court concludes that this argument is of no consequence, as it was proper for the ALJ to exclude the need for a cane from his hypotheticals to the vocational expert because he found that the need for a cane was not supported by substantial evidence. *Britt v. Saul*, 860 F. App'x 256, 263 (4th Cir. 2021) ("For a vocational expert's opinion to be relevant or helpful, it must be responsive to a proper hypothetical question," meaning that it must "fairly set[] out all of claimant's impairments that the record supports." (internal quotation marks omitted)).

***Plaintiff's Stand/Walk Limitations***

Plaintiff next argues that the Magistrate Judge erred in concluding that the ALJ properly considered evidence regarding Plaintiff's ability to stand and walk for six hours a day. [Doc. 32 at 3–5.] Plaintiff argues, both in his objections to the Report and in his original brief, that the ALJ cited normal strength but failed to consider pain and stiffness involved with gout and rheumatoid arthritis, and that the ALJ failed to explain how a limitation to frequent foot controls accounted for bunions that affected Plaintiff's ability to stand and walk. [*Id*. at 3; Doc. 19 at 33–35.] Plaintiff further argues that some of the records cited by the ALJ supporting normal findings actually "show an antalgic gait, limited ambulation or ambulation with a cane on several occasions," and therefore the Magistrate Judge's conclusion that the ALJ properly considered evidence was based on limited findings. [Doc. 32 at 3–4.] Finally, Plaintiff argues that there is no explanation as to why records from Dr. Vaidya showing normal strength were given more weight than records from other providers. [*Id*. at 4.]

The Court agrees with the Magistrate Judge's conclusion that, "[c]ontrary to Plaintiff's arguments, the ALJ's decision reflects careful consideration of all the medical records, opinions, and Plaintiff's subjective reports in formulating Plaintiff's [RFC]." [Doc. 31 at 7.] For example, the ALJ acknowledged Plaintiff's reports and testimony concerning his joint pain and stiffness but compared those with records indicating normal gait, strength, and sensation; no swelling or synovitis in his joints; no or little tenderness in his joints; nearly full range of motion in his extremities; and normal inflammatory markers bloodwork. [R. 1427–28.] Even if some of the records cited by the ALJ showed instances of limited ambulation, this does not undermine the ALJ's overall finding. Finally, in

7

determining the weight that should be assigned to providers' opinions, the ALJ discounted the opinion of Dr. Hamilton, who found Plaintiff was limited to walking or standing one out of eight hours in a day, because Dr. Hamilton's records failed to consistently document findings of abnormal gait, use of a cane, or abnormal strength. [R. 1436.] Plaintiff did not challenge the ALJ's findings with respect to Dr. Hamilton's opinion, and the Court declines the invitation to reweigh the medical evidence already considered by the ALJ on this issue.

Further, even though Plaintiff argues that the ALJ failed to explain why additional limitations were not included for his bunions, the Magistrate Judge correctly noted that the ALJ *did* consider Plaintiff's bunion surgeries in assigning his environmental and postural limitations (including limiting Plaintiff to frequent operation of foot controls bilaterally) but concluded that the impairments were not severe and should not be included in his RFC finding. [Doc. 31 at 9; *see* R. 1436 ("[A]lthough the undersigned does not find [Plaintiff]'s bunion surgeries and inflamed keratoma to be severe impairments, the undersigned has considered [Plaintiff]'s complaints of foot pain in assigning his environmental and postural limitations.").] The Magistrate Judge additionally found that the ALJ did not penalize Plaintiff for his inability to afford bunion surgery in his determination of Plaintiff's stand/walk limitations, and the Court agrees. [Doc. 31 at 9 ("To the extent Plaintiff's failure to obtain a second surgery was the result of financial limitations, . . . this was not the only reason offered by the ALJ. In fact, although it does appear that Plaintiff returned to his podiatrist for continued care, . . . his primary care provider [] noted only mild or negative discomfort on an MTP squeeze test.").] The Court therefore overrules Plaintiff's objections regarding his stand/walk limitations.

**Opinion Evidence**

Plaintiff next argues that the Magistrate Judge improperly determined that the ALJ's conclusions regarding the medical opinion evidence—specifically, the FCE opinion that Plaintiff needed a sit/stand option and Dr. Vaidya's opinion that Plaintiff would be absent from work more than four days a month—were based on substantial evidence. [Doc. 32 at 5–8.]

*Sit/Stand Option*

First, Plaintiff contends that the Magistrate Judge failed to explain how the ALJ properly determined there was no support for the sit/stand option prescribed in the FCE opinion. [*Id*. at 5–6.] The Court agrees with Plaintiff that the Magistrate Judge did not specifically discuss or provide support for the ALJ's evaluation of the FCE opinion as to the sit/stand option. However, upon review of the ALJ's decision, this Court concludes that the ALJ's evaluation of the FCE opinion was supported by substantial evidence. In explaining the weight he afforded to each medical opinion, the ALJ concluded that "to the extent the opinion in the FCE suggests the need for a sit/stand option, this is inconsistent with the overall medical evidence in the record and as discussed more fully herein." [R. 1433.] The ALJ explained his consideration of the findings of the FCE exam, noting that the exam was conducted in a remote period of time less than 12 months after Plaintiff's lumbar spine surgery and that "the evidence available to the [ALJ] documents inconsistent findings relating to gait, and it does not regularly document observations from providers that [Plaintiff] appeared particularly uncomfortable when maintaining any position for a period of time." [*Id*.] Considering these findings and the ALJ's conclusions regarding Plaintiff's stand/walk limitations (discussed more fully above), the Court concludes that

9

the ALJ adequately explained his reason for concluding that a sit/stand option was not supported by the evidence and overrules Plaintiff's objections.[4]

### Dr. Vaidya's Opinion

As to Dr. Vaidya's opinion that Plaintiff would likely be absent from work more than four days a month, Plaintiff argues that the ALJ failed to demonstrate how the opinion is not supported by Dr. Vaidya's and her nurse practitioner's notes or consistent with the opinions of Dr. Hamilton, who opined that Plaintiff could not sustain work for eight hours a day, five days a week. [Doc. 32 at 6–8.] In evaluating the ALJ's decision to discount the opinion, the Magistrate Judge found the ALJ specifically reasoned that Dr. Vaidya's opinion was "not supported by the clinical findings in her own records; nor is there a statement of rationale in support of the selection made on the preprinted form as to absences." [Doc. 31 at 12 (quoting R. 1435 (describing inconsistencies in Dr. Vaidya's

---

[4] Plaintiff also objects to the Magistrate Judge's finding that:

> [E]ven if the ALJ erred in failing to include the sit-stand option in Plaintiff's RFC, Plaintiff cannot demonstrate the error was harmful [because] the vocational expert testified that if the hypothetical included the need for a sit/stand option defined as a brief postural change at or near the work station no more frequently than up to twice an hour and of a duration of not greater than up to 5 minutes each, then the identified light work job would remain with the same number of positions nationally.

[Doc. 31 at 11 (internal quotation marks omitted).] Plaintiff argues that the Magistrate Judge's finding that any error was harmless must fail because the opinion regarding the sit/stand option did not specify how often or for how long Plaintiff would need to change position, and the vocational expert's testimony that light jobs could be performed with a specific sit/stand option is not necessarily indicative that light jobs could be performed with the limitations described in the opinion. [Doc. 32 at 6.] Because it concludes that the ALJ's opinion was supported by substantial evidence, the Court need not address this finding by the Magistrate Judge.

10

findings and concluding that "the overall evidence of record is more consistent with a conclusion that [Plaintiff]'s impairments and associated symptoms are rather well controlled")).] In fact, Dr. Vaidya did not fill out a majority of the form except checking "yes" that Plaintiff's impairments are likely to produce good days and bad days, and then that Plaintiff was likely to be absent more than four days per month as a result of his impairments or treatment. [R. 2149–51.]

Plaintiff also argues that Dr. Vaidya's opinion was consistent with and supported by the opinions of Dr. Hamilton [Doc. 32 at 7]; however, as noted above, the ALJ also found Dr. Hamilton's opinion to be unsupported by his clinical findings [R. 1436]. Seeing that the ALJ found neither Dr. Vaidya's nor Dr. Hamilton's opinions to be entitled to substantial weight, the Court finds no error in the ALJ's decision to decline comparing the two discounted opinions. *See Dunn v. Colvin*, 607 F. App'x 264, 267 (4th Cir. 2015) ("An ALJ's determination as to the weight to be assigned to a medical opinion generally will not be disturbed absent some indication that the ALJ has dredged up specious inconsistencies . . . or has failed to give a sufficient reason for the weight afforded a particular opinion." (internal quotation marks omitted)). As a result, the undersigned overrules Plaintiff's objections regarding the ALJ's consideration of opinion evidence.

**Subjective Complaints**

Finally, Plaintiff argues that the Magistrate Judge failed to support her finding that the ALJ properly considered and resolved conflicting evidence surrounding Plaintiff's testimony regarding his pain, morning stiffness, and fatigue due to sleeping problems. [Doc. 32 at 8–9.] Plaintiff contends that neither the ALJ nor the Magistrate Judge cited records that support the conclusion that Plaintiff's symptoms were "well controlled" and

11

that the Magistrate Judge did not point to a place in the decision where the ALJ considered Plaintiff's symptoms or opinion evidence that supports his disability.  [*Id*. at 8.]

In her Report, the Magistrate Judge found that though "it is clear that the ALJ recognized that Plaintiff had alleged that multiple physical impairments prevented him from working," the ALJ ultimately determined that Plaintiff's subjective statements were "'not entirely consistent with the medical evidence and other evidence in the record.'" [Doc. 31 at 17 (quoting R. 1426).]  The ALJ recounted Plaintiff's testimony regarding his pain and his treatments, as well as their impacts on his daily activities, but concluded that Plaintiff's statements were "inconsistent because the evidence indicates that symptoms relating to [Plaintiff's] impairments have been relatively well managed and the medical findings in evidence support the ability to perform work within his assigned [RFC]."  [R. 1425–27 (discussing Plaintiff's testimony regarding his back pain and residual symptoms after surgery on his feet and lumbar spine, as well as his testimony that his pain improved with medication; he uses a transcutaneous electrical nerve stimulation unit, lidocaine patches, and Epsom salt baths; he gives himself weekly arthritis injections; and he is able to manage many daily activities like driving his children to school and performing his own personal care).]

Upon further review of the ALJ's decision, the Court agrees with the Magistrate Judge that the ALJ clearly considered the record evidence, including evidence related to Plaintiff's back pain, lumbar spine surgery, pain management, medication use, medical treatment, and opinion evidence, in concluding that Plaintiff was capable of unskilled light work with certain postural limitations.  [R. 1426–38.]  Therefore, the Court overrules Plaintiff's objection.

**CONCLUSION**

The Court has conducted a de novo review of the Report, the record, and the applicable law. Upon such review, the Court accepts the Report and Recommendation of the Magistrate Judge and incorporates it by reference. Accordingly, the decision of the Commissioner is AFFIRMED.

IT IS SO ORDERED.

s/ Jacquelyn D. Austin
United States District Judge

September 10, 2024
Columbia, South Carolina